IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re CHARLES COULSON WALDO,<br><br>Debtor.<br><br><br>CHARLES COULSON WALDO,<br><br>Appellant,<br><br><br>vs.<br><br><br>BANK OF NEW YORK MELLON TRUST COMPANY NA, as the indenture trustee for the IMC Home Equity Loan Owner Turst 1998-7, OCWEN LOAN SERVICING, LLC, eTITLE AGENCY, TRUSTEE, and VINCENT CAMERON, STANDING CHAPTER 13 TRUSTEE,<br><br>Appellees. | MEMORANDUM DECISION AND ORDER DISMISSING BANKRUPTCY APPEAL FOR LACK OF JURISDICTION<br><br><br><br><br><br>Case No.  2:09-CV-72 TS<br><br>Bankruptcy Case No. 08T-23583 |

Charles Coulson Waldo (Waldo) brings an appeal from the Bankruptcy Court. Waldo's Notice Statement of Issues states that this is an appeal from the Bankruptcy Court's Order Dismissing Chapter 13 Case and Denial of Confirmation Following

1

Contested Confirmation Hearing (Dismissal Order).[1]  A copy of the bankruptcy docket was filed as part of the Notice of Appeal from Bankruptcy Court.[2]  Waldo has now filed his Designation of Record on Appeal and his Statement of Issues.[3]

The bankruptcy docket and Waldo's Designation of Record reveal the same facts; the Order which Waldo says he appeals was entered on the docket on December 11, 2008, and his Notice of Appeal was filed on January 20, 2009.  As Waldo was informed in a related case, this forty-day period between the Dismissal Order and its appeal results in a lack of jurisdiction over the appeal of the Order:

> "Under Federal Rule of Bankruptcy Procedure 8001(a), appeals from orders and judgments of bankruptcy courts may be taken to the district court in conformity with the requirements of 28 U.S.C. § 158(a) and Bankruptcy Rule 8002."  Fed. R. Bankr. P. 8002(a) provides that a notice of appeal must be filed with the bankruptcy clerk "within 10 days of the entry of judgment, order, or decree appealed from."  Because there were forty days between the entry of the Dismissal Order and Waldo's filing of his notice of his appeal, his appeal is untimely.
>
> The failure to file a timely notice of appeal is a jurisdictional defect that bars appellate review by this Court.  Because this Court does not have appellate jurisdiction, it may not review either the merits of the Bankruptcy Court's Dismissal Order or review Waldo's recently raised claim that the Bankruptcy Court may have acted without jurisdiction.[4]

---

[1] Docket No. 1, attachment 5, at 2.

[2] Docket No. 1-5.

[3] Docket No. 3.

[4] *Waldo v. Bank of New York, Mellon Trust Co.*, Case No. 2:09-MC-54 TS Memorandum Decision and Order Denying Motion for Temporary Restraining Order and Dismissing Case for Lack of Jurisdiction, at 3 (D. Utah Jan. 27, 2009) (internal footnotes and citation omitted) (quoting *In re Faragalla*, 422 F.3d 1208, 1210 (10th Cir. 2005)).

In that prior case, Waldo was also informed that he, as the "party invoking federal jurisdiction, bears the burden of establishing such jurisdiction as a threshold matter."[5] Despite having notice that he must establish appellate jurisdiction, in the present appeal Waldo does not show a timely notice of appeal of the Dismissal Order and does not otherwise address appellate jurisdiction.

Mindful that Waldo is appearing pro se, the Court has conducted its own review of the bankruptcy docket and the Statement of Issues regarding appellate jurisdiction. From Waldo's Statement of Issues, it is clear that what Waldo is actually seeking to appeal is the Bankruptcy Court's grant of summary judgment overruling his objection to Amended Proof of Claim No. 4 (Judgment),[6] a claim that involves Waldo's home.[7] Waldo's Statement of Issues filed herein focuses almost entirely on that Judgment and only briefly argues that it was that Judgment that "doomed Appellant's bankruptcy case"[8] and "resulted in Appellant's Chapter 13 case being closed and their confirmation being denied.[9] Thus, it

---

[5] *Id*. (quoting *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004)).

[6] Bankruptcy Docket No. 130 (Order denying Reconsideration).

[7] The Judgment also terminated the automatic stay as to the home. Bankruptcy Docket Nos. 116 and 117. The same home was the subject of the Motion for a Temporary Restraining Order in related case No. 2:09-MC-54 TS, referenced in footnote No. 3, *supra*.

[8] Statement of Issues at 4 (stating that "Appellants' arguments will be directed toward Creditor No. 4"). All of Waldo's five listed appeals issues relate to aspects of Claim No. 4.

[9] *Id*. at 4.

is the alleged errors in the Judgment that are the subject matter of the present appeal. Accordingly, the Court examines the bankruptcy docket to determine if there was a timely appeal of that Judgment. This Court takes judicial notice that the Bankruptcy Court denied Waldo's Motion to Reopen and Motion to Reconsider (Motion to Reconsider) on December 23, 2008. That Motion to Reconsider addressed the Judgment.[10]

Under some circumstances, the time to file an appeal may run from the date of an order resolving a motion to reconsider.[11] The Judgment was entered on the bankruptcy docket on November 25, 2008, the Motion to Reconsider the Judgment was filed on December 8, 2008, the Order denying the Motion to Reconsider was entered on the bankruptcy docket on December 23, 2008, but the appeal was not filed until January 20, 2009.

In the bankruptcy context, "[i]ntermediate Saturdays, Sundays, and legal holidays are not excluded from the ten-day period"[12] for filing of an appeal. Thus, the time between the entry of the Order denying Waldo's Motion to Reconsider on the docket and the filing of his appeal is still 28 days—well over the ten-day appeal deadline.

---

[10]Bankruptcy docket No. 121 (Waldo's Motion to reconsider allowance of Amended Proof of Claim by Claimant No. 4).

[11]*See* Fed. R. Bankr. P. 8002(b) (providing that a timely filed motion under Fed. R. Bankr. P. 9024 (bankruptcy counterpart to Fed. R. Civ. P. 60(b)) or Rule 9023 (bankruptcy counterpart to Fed. R. Civ. P. 58's motion to alter or amend judgment) results in the time for appeal running "from the denial of the order disposing of the last such motion").

[12]*Herwit,* 970 F.2d at 710 n.3 (citing Fed. R. Bankr. P. 9006(a)).

Because Waldo fails to establish any basis for jurisdiction over an appeal of the Dismissal Order or the Judgment, and no basis for jurisdiction over an appeal from either appears from his Designation on Appeal or the bankruptcy docket, this Court finds that it lacks jurisdiction over this appeal. It is therefore

ORDERED that this appeal is DISMISSED FOR LACK OF JURISDICTION.

The clerk of court is directed to close this case.

DATED   February 10, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge